UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                    609-989-0478
United States Bankruptcy Judge                                                                    609-989-2259 Fax

March 12, 2013

Michael Wiseberg, Esq.
345 Route 17 South
Upper Saddle River, NJ 07458
Attorney for Plaintiff, Deborah Grimando

Richard Viola
23 Clover Hill Drive
Jackson, NJ 08527
Debtor, *Pro Se*

                        Re:   In re Richard Viola (Chapter 7) (MBK)
                                Case No. 11-36565

                                Grimando v. Viola
                                Adv. Pro. No. 11-2583

Counselors:

      This matter is before the Court upon the summary judgment motion ("Motion") of Deborah Grimando ("Plaintiff"), relative to Plaintiff's adversary complaint ("Complaint") against Richard Viola ("Debtor"). Plaintiff's Complaint is premised upon a state court arbitration award for damages arising from an alleged tortious assault and battery by Debtor against Plaintiff. Plaintiff asserts that the arbitration findings satisfy the willful and malicious standard for non-dischargeability set forth in 11 U.S.C. § 523(a)(6). The

Court has reviewed the pleadings submitted and entertained oral argument on February 4, 2013.[1] The Court issues the following ruling:

I.  **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (I). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[2]

II. **Background**

On September 9, 2011 ("Petition Date"), the Debtor filed his voluntary Chapter 7 bankruptcy petition. On November 17, 2011, Plaintiff filed the within Complaint against the Debtor, seeking to declare non-dischargeable, pursuant to 11 U.S.C. § 523(a)(6), an arbitration award and final judgment entered in Plaintiffs favor in a state court action ("State Court Action"). The State Court Action was based on allegations that the Debtor, Plaintiff's then-husband, committed tortious battery and assault against the Plaintiff. The arbitrator awarded Plaintiff $25,000, including $10,000 in compensatory damages for pain and suffering and $15,000 in punitive damages. See Debtor's Motion, Exhibit B to Wiseberg Certification, Docket No. 16. On September 17, 2008, a final judgment

---

[1] The Court has also reviewed Plaintiff's supplemental submission dated February 26, 2013. See Docket No. 19.
[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

("Judgment") was entered confirming the arbitration award and adding appropriate interest. See Debtor's Motion, Exhibit C to Wiseberg Certification, Docket No. 16.

On January 8, 2013, Plaintiff filed the within Motion, asserting that the Judgment, which was based on the arbitrator's award of compensatory and punitive damages, demonstrates that the Debtor's conduct was willful and malicious and therefore satisfies the standards set forth in 11 U.S.C. § 523(a)(6). Thus, Plaintiff asks the Court to: (i) declare non-dischargeable the arbitration award and Judgment obtained in the State Court Action, and (ii) grant summary judgment in favor of Plaintiff. For the reasons below, the Court finds that summary judgment is not appropriate at this stage of the proceedings.

### III.   Discussion

Section 523 of the Bankruptcy Code provides exceptions to discharge of debts in bankruptcy. See 11 U.S.C. § 523. Further, as explained previously by this Court in In re Wulster, "[t]he party objecting to the dischargeability of a debt bears the burden of proving by a preponderance of the evidence that the particular debt falls within one of the exceptions to discharge enumerated in Section 523(a)." 2012 U.S. Dist. LEXIS 22479, *8 (D.N.J. 2012), citing Grogan v. Garner, 498 U.S. 279, 291 (1991) and In re Singer, 2010 U.S. Dist. LEXIS 97604 (D.N.J. 2010). Therefore it is Plaintiffs burden to prove that the Judgment in the State Court Action falls within the strictures of § 523.

Section 523(a)(6) provides that "[a] discharge…does not discharge an individual debtor from any debt for **willful and malicious injury** by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (emphasis added). As recently explained by our District Court:

> **Injury is "willful and malicious" within the meaning of § 523(a)(6) when an actor purposefully inflicts the injury**

>  **or acts in such a manner that he is substantially certain that injury will result.** In re Conte, 33 F.3d 303, 307 (3d Cir. 1994). Further, non-dischargeability pursuant to § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. See Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998); In re Conner, 302 B.R. 509, 514 (Bankr. W.D. Pa. 2003) ("The phrase 'willful and malicious' modifies the word 'injury'. This implies that § 523(a)(6) requires a deliberate or intentional injury, not a deliberate or intentional act that merely happens to result in injury." (citing Kawaauhau, supra, 523 U.S. at 61)). Put differently, "[d]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Kawaauhau, supra, 523 U.S. at 64. I note further that in assessing whether a particular debt is non-dischargeable, courts must narrowly construe the discharge exceptions in § 523(a) in favor of the debtor, given that the underlying policy of the Code is to afford the debtor a "fresh start." In re Miller, 156 F.3d 598, 602 (5th Cir. 1998); In re Hawkins, 231 B.R. 222, 228 (D.N.J. 1999).

Jersey Cent. Power & Light v. Breslow, 2013 U.S. Dist. LEXIS 22886, 7-8 (D.N.J. Feb. 20, 2013) (emphasis added).

### A.    Assault and Battery

In this case, it is clear that the arbitrator awarded compensatory damages to the Plaintiff in the amount of $10,000 for pain and suffering stemming from the alleged assault and battery. What is unclear, however, is how that $10,000 award was meant to be apportioned to the respective torts of assault and battery. This issue is significant in determining whether the standards set forth in § 523(a)(6) have been met.

In New Jersey, a battery can occur without a malicious injury. "Any non-consensual touching is a battery" under New Jersey law. Perna v. Pirozzi, 92 N.J. 446, 461 (1983). "No 'malice' or intent to injure . . . is required to establish battery." Monturi v. Englewood Hosp., 246 N.J. Super. 547, 551 (App. Div. 1991); Cf. Kelly v. County of

Monmouth, 380 N.J.Super. 552, 559 (App. Div. 2005) ("[W]e observe that liability for a battery will attach even when a defendant intends 'only a joke.'"). Thus, if the arbitrator predicated the $10,000 award on a battery finding, then the Court cannot find that the Debtor's actions were willful and malicious under § 523(a)(6).

Compared to battery, however, the elements of a 'willful injury' and a 'malicious injury' represent the *sine qua non* of assault. "A person is subject to liability for the common law tort of assault if: (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 591 (2009). The definition of assault imputes a subjective requirement in the tortfeasor that matches the subjective requirement in § 523(a)(6). "Where the actor engages in assault . . . [t]he very nature of the conduct imputes the actor's subjective intent to cause some injury to the victim. Merrimack Mut. Fire Ins. Co. v. Coppola, 299 N.J.Super. 219, 227, (App.Div.1997).

Additionally, there is authority holding civil assault to be non-dischargeable. In New Jersey, "[a] severe and unprovoked assault is probably the clearest example of a willful and malicious injury excepted from discharge under section 523(a)(6)". In re Cappozzolli, 03-42286 MBK, 2007 WL 1170622 (Bankr. D.N.J. Apr. 16, 2007) (citations omitted); See Matter of Hartley, 869 F.2d 394, 396 on reh'g, 874 F.2d 1254 (8th Cir. 1989) (McMillian, J., dissenting) ("A claim for injury resulting from an assault . . . should always be non-dischargeable under § 523(a)(6).").

As discussed above, a 'willful injury' occurs when the debtor intends to cause injury to the victim. Accordingly, if the arbitrator based the $10,000 award (or a portion

thereof) on assault, then the portion attributable to the assault could be subject to the non-dischargeability standards of § 523(a)(6). However, the arbitration award offers no explanation as to how the arbitrator apportioned the $10,000 award. Accordingly, the Court must deny summary judgment with respect to compensatory damages at this juncture.

### B. Punitive Damages

Similarly, there is insufficient evidence to demonstrate that the punitive damages award was based on Debtor's willful and malicious conduct, as opposed to other, less offensive conduct that would still support a punitive damages award. The following sets forth the New Jersey Model Civil Jury Charge for punitive damages:

> To support an award of punitive damages…you must find that [plaintiff] has proved, by clear and convincing evidence, that the injury, loss, or harm suffered by [plaintiff] was the result of [defendant's] acts or omissions and that either **(1) [defendant's] conduct was malicious or (2) [defendant] acted in wanton and willful disregard of [plaintiff's] rights**. Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. Willful or wanton conduct is a deliberate act or omission with knowledge of a **high degree of probability** of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission.

See Model Civil Jury Charge 8.60 – Punitive Damages (emphasis added); see also Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49 (1984) ("Our cases indicate that the requirement may be satisfied upon a showing that there has been a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences"); Di Giovanni v. Pessel, 55 N.J. 188, 190 (1970) ("Something more than the mere commission of a tort is always required for punitive damages. There must be

circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called willful or wanton").

In light of the foregoing, if the arbitrator based the punitive damages award on the malice prong of the Model Civil Jury Charge, then the Court's analysis is similar to the "willfully malicious" standard set forth in 11 U.S.C. § 523(a)(6). As explained above, however, an intentional injury must also be shown under 11 U.S.C. § 523(a)(6) and is lacking on this record. Even if the Court were to find that the "malicious" prong of Model Civil Jury Charge 8.60 is the equivalent of the "willful and malicious" standard of 11 U.S.C. § 523(a)(6), it is possible that the arbitrator instead bottomed the punitive damages award on the second prong and found that the Debtor acted in wanton and willful disregard of Plaintiff's rights. In that regard, the arbitrator had only to find that the Debtor acted with a "high degree of probability" that harm would result to the Plaintiff. A "high degree of probability" standard, however, is a lower threshold than the "substantially certain" standard and therefore cannot be applied to sustain a claim under 11 U.S.C. § 523(a)(6). See Conte v. Gautam (In re Conte), 33 F.3d 303, 309 (3d Cir. N.J. 1994) ("[T]he Bankruptcy Code requires at least a deliberate action that is substantially certain to produce harm. The jury's finding that Conte's actions had a high probability of producing harm to the Gautams does not establish that his conduct was substantially certain to produce such injury"). Accordingly, if the arbitrator awarded punitive damages by finding a "high degree of probability" that the Debtor's actions would harm the Plaintiff, such a finding is insufficient to support a claim under 11 U.S.C. § 523(a)(6).

### C. Collateral Estoppel

Although this Court is generally subject to principles of collateral estoppel -- see Leonelli-Spina v. Albro, 2010 U.S. Dist. LEXIS 32105, 14-15 (D.N.J. Apr. 1, 2010) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was entered") (citations omitted) -- the Court does not have an adequate record before it to determine whether collateral estoppel is applicable under the circumstances. Specifically, as articulated above, the Court cannot at this stage of the proceeding determine whether the battery resulted in a willful and malicious injury, or to what extent the award is bottomed on the assault count. Similarly, the arbitration award fails to specify the arbitrator's analysis in determining to award punitive damages. Thus, because the record does not include specific factual findings in the arbitration award, this Court resolves that there remains a genuine dispute of fact as to whether Debtor's conduct satisfies the standards set forth in 11 U.S.C. § 523(a)(6). Accordingly, the Court will deny summary judgment, without prejudice, on this record.

### IV. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment is denied without prejudice. The Court will enter a form of order.

/s/ Michael B. Kaplan

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 12, 2013