**NOT FOR PUBLICATION**
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| RICHARD VIOLA, | Case No.: 11-36565 (MBK) |
| Debtor. | |

----------------------------------------------------------X

| | |
|---|---|
| DEBORAH GRIMANDO (f/k/a Deborah Viola), | |
| Plaintiff, | Adversary No.: 11-2583 (MBK) |
| v. | |
| RICHARD VIOLA, | |
| Defendant. | |

----------------------------------------------------------X

APPEARANCES:

**Michael Wiseberg, Esq.**
345 Route 17 South
Upper Saddle River, NJ 07458
Attorney for Plaintiff, Deborah Grimando

**Richard Viola**
23 Clover Hill Drive
Jackson, NJ 08527
Defendant-Debtor, *Pro Se*

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

## I. Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(I).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Introduction

This Adversary Proceeding was filed by the Debtor's former spouse, Deborah Grimando ("Plaintiff").  Plaintiff seeks to establish the non-dischargeability of a debt owed to the Plaintiff by Debtor, Richard Viola ("Debtor").  The debt in question is the result of an arbitration award and final judgment entered in Plaintiff's favor in a civil assault litigation brought against the Debtor in state court.  A trial as to the dischargeability of this debt was held on July 16, 2013.  The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## III. Facts and Procedural History

1. On or about September 5, 2005 Plaintiff reported an incident of domestic violence with the Jackson Police Department alleging that Debtor caused injury to Plaintiff's arm when he closed the front door on it.  Plaintiff's and Debtor's daughter also reported that Debtor pushed the door closed while Plaintiff was standing in the doorway.  The officer called to

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such.  Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

the scene observed bruising on Plaintiff's right bicep. Plaintiff did not pursue a restraining order at that time.

2. On or about October 17, 2005, Plaintiff reported a second incident of domestic violence with the Jackson Police Department alleging that Debtor struck Plaintiff on the left side of her face with a closed fist. The officer who reported to the scene observed redness and swelling to the Plaintiff's left eye.

3. Plaintiff obtained a Temporary Restraining Order against Debtor on October 17, 2005.

4. The record shows that both matters of domestic violence were heard in Jackson Township Municipal Court on December 15, 2005. Following a full trial, both matters resulted in guilty verdicts against the Debtor. *See Docket Entry No. 19*, 11-2583; or *Evidence marked P3*.

5. Plaintiff filed a lawsuit against Debtor alleging assault and battery and arbitration in the matter was held on July 8, 2009. The arbitration resulted in an award of $25,000 in favor of Plaintiff consisting of $10,000 in compensatory damages for pain and suffering and $15,000 in punitive damages. The arbitration report and award offered no explanation as to how or why these damages were calculated. *See Evidence marked P8*.

6. On September 17, 2008, a final judgment ("Judgment") was entered confirming the arbitration award and adding appropriate interest. *See Evidence marked P9*.

7. On September 9, 2011 ("Petition Date"), the Debtor filed his voluntary Chapter 7 bankruptcy petition.

8. On November 17, 2011, Plaintiff filed the within Complaint against the Debtor, seeking to declare the Judgment non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

3

#

9. On January 8, 2013, Plaintiff filed a Motion for Summary Judgment ("Summary Judgment Motion"), asserting that the Judgment, which was based on the arbitrator's award of compensatory and punitive damages, demonstrates that the Debtor's conduct was willful and malicious and therefore satisfies the standards set forth in 11 U.S.C. § 523(a)(6). The Court found that, at that time, the record was insufficient to establish that the Debtor's conduct was willful and malicious, therefore, the standards set forth in 11 U.S.C. § 523(a)(6) had not been satisfied. Accordingly, Plaintiff's Motion was denied pursuant to an Order dated March 12, 2013.

10. The matter proceeded to trial, which took place on July 16, 2013. At trial, the Court heard from both parties regarding their recollection of the incidents of domestic violence and of the events leading up to the incidents.

### IV. Discussion

Plaintiff argues that the Judgment should be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(6) because Debtor's conduct, which resulted in the arbitration award, was willful and malicious. As noted in this Court's Opinion denying Plaintiff's Summary Judgment Motion, Section 523 of the Bankruptcy Code provides exceptions to discharge of debts in bankruptcy. *See* 11 U.S.C. § 523. Further, as explained previously by this Court in *In re Wulster*, "[t]he party objecting to the dischargeability of a debt bears the burden of proving by a preponderance of the evidence that the particular debt falls within one of the exceptions to discharge enumerated in Section 523(a)." 2012 WL 589564, No. 11–3407 (MLC) *8 (D.N.J. Feb. 22, 2012), citing *Grogan v. Garner*, 498 U.S. 279, 291 (1991) and *In re Singer*, No. 10–00045, 2010 WL

4

3732944, (D.N.J. Sept. 17, 2010).  Therefore it is Plaintiff's burden to prove that the Judgment in the State Court Action falls within the strictures of § 523.

Section 523(a)(6) provides that "[a] discharge…does not discharge an individual debtor from any debt for **willful and malicious injury** by the debtor to another entity or to the property of another entity."   11 U.S.C. § 523(a)(6) (emphasis added).  As recently explained by our District Court:

> **Injury is "willful and malicious" within the meaning of § 523(a)(6) when an actor purposefully inflicts the injury or acts in such a manner that he is substantially certain that injury will result.** *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994). Further, non-dischargeability pursuant to § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998); *In re Conner*, 302 B.R. 509, 514 (Bankr. W.D. Pa. 2003) ("The phrase 'willful and malicious' modifies the word 'injury'. This implies that § 523(a)(6) requires a deliberate or intentional injury, not a deliberate or intentional act that merely happens to result in injury." (*citing Kawaauhau, supra*, 523 U.S. at 61)). Put differently, "[d]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau, supra*, 523 U.S. at 64. I note further that in assessing whether a particular debt is non-dischargeable, courts must narrowly construe the discharge exceptions in § 523(a) in favor of the debtor, given that the underlying policy of the Code is to afford the debtor a "fresh start." *In re Miller*, 156 F.3d 598, 602 (5th Cir. 1998);  *In re Hawkins*, 231 B.R. 222, 228 (D.N.J. 1999).

*Jersey Cent. Power & Light v. Breslow*, No. 12–05425, 2013 WL 632124, *7-8 (D.N.J. Feb. 20, 2013) (emphasis added).

In applying the standard for "willful and malicious" to the facts before the Court at the summary judgment stage, the Court determined that there was insufficient evidence to demonstrate that the damages awarded at arbitration were based on Debtor's willful and malicious conduct.  The Court discussed the logic behind its decision in depth in its Opinion denying Plaintiff's Summary Judgment Motion; therefore, the Court will not repeat the details

5

\#

of its prior ruling here. *See Opinion dated March 12, 2013*, Docket Entry No. 20. For purposes of this Opinion, however, it is helpful to summarize the rationale behind the Court's rulings on the Summary Judgment Motion. First, the Court notes that the arbitration award does not provide any insight as to how or why damages were calculated. The award simply reads, "The undersigned arbitrator(s) make(s) the following award(s) for the reasons set forth: Assault [and] battery. $15,000 punitive damage, $10,000 pain [and] suffering[.]" The arbitrator's failure to provide a basis for the decision and failure to explain the calculation of damages left open several genuine issues of material fact which precluded a summary judgment ruling.

Specifically, with respect to the $15,000 in punitive damages, the arbitrator did not identify the type of conduct that supported the award. In New Jersey, punitive damages can be awarded if a fact-finder determines that a person acted with a "high degree of probability" that harm would result. *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 49 (1984); *Di Giovanni v. Pessel*, 55 N.J. 188, 190 (1970). A "high degree of probability" standard, however, is a lower threshold than the "substantially certain" standard required to establish that the conduct was "willful and malicious." *See Conte v. Gautam (In re Conte)*, 33 F.3d 303, 309 (3d Cir. N.J. 1994). Therefore, at the summary judgment stage, the Court could not use the arbitration award to sustain Plaintiff's claim under 11 U.S.C. § 523(a)(6).

Similarly, the arbitrators did not specify how much of the $10,000 compensatory damage award for pain and suffering was apportioned to the respective torts of assault and battery. In New Jersey, battery can occur without malicious intent. *Monturi v. Englewood Hosp.*, 246 N.J. Super. 547, 551 (App. Div. 1991) ("No 'malice' or intent to injure . . . is required to establish battery."); *Cf. Kelly v. County of Monmouth*, 380 N.J.Super. 552, 559 (App. Div. 2005); *Perna v. Pirozzi*, 92 N.J. 446, 461 (1983). In light of this fact, it is possible that the arbitration award is

based, either entirely or in part, on conduct which was not willful and malicious within the meaning of §523(a)(6). Therefore, at the summary judgment stage, the Court could not employ collateral estoppel to find the $10,000 compensatory damages award non-dischargeable.

At trial, however, the Court had the opportunity to hear testimony from both parties and to make its own rulings regarding the nature of Debtor's conduct. For the following reasons, the Court finds that Debtor's conduct was willful and malicious within the meaning of §523(a)(6); therefore, the Judgment is non-dischargeable.

As an initial matter, the Court finds that Plaintiff was a credible witness. She was able to recall the events in detail and her testimony was consistent with previous statements and was corroborated by documentary evidence. Plaintiff's accounts of the incidents support a finding that Debtor's actions were willful and malicious. With respect to the first incident on September 5, 2005, Plaintiff testified that Debtor was agitated, that he was aware that she was standing in the doorway and that he closed the metal door regardless. Plaintiff further testified that she fell through the screen door and onto the stoop outside causing her to injure her arm. Statements made by Plaintiff's and Debtor's daughter to the Jackson Police officer on the scene corroborate this description of events and are memorialized in the police report. Additionally, the observations of the police officer on the scene substantiate Plaintiff's claim that she was injured and the police report verifies that Plaintiff had bruising on her right bicep.

At trial, Debtor admitted that he closed the metal door on Plaintiff but indicated that it was not done maliciously, nor was it his intention to cause her injury. As noted above, the willful and malicious requirement of §523(a)(6) requires more than a recklessly or negligently inflicted injury. *Kawaauhau,* 523 U.S. at 64. The actor must purposefully inflict the injury or act in such a manner that he is substantially certain that injury will result. *In re Conte*, 33 F.3d at

7

307. Therefore, if the Court were to accept Debtor's account of the incident, his conduct may not rise to the level of "willful and malicious." However, the Court finds Plaintiff's version of the September 5, 2005 incident to be more credible. As such, the Court finds that Debtor purposefully inflicted the injury. Further, at a minimum, by closing the metal door while Plaintiff was still in the doorway, Debtor acted in such a manner that he was substantially certain that injury would result. Therefore, the Court determines that Debtor's actions during the September 5, 2005 incident of domestic violence were willful and malicious within the meaning of §523(a)(6) and any portion of the Judgment which can be attributed to the September 5, 2005 incident is non-dischargeable.

Likewise, the Court finds Plaintiff's account of the October 17, 2005 incident of domestic violence to be credible. Plaintiff testified that, at the time, she and Debtor were arguing about the previous incident of domestic violence and that Debtor was agitated. On the stand, Plaintiff was able to recall details regarding the incident, including the specific location in the house where the incident occurred and statements made by Debtor prior to the act of violence. Plaintiff testified that Debtor struck her on the left side of her face causing injury to her left eye. Plaintiff received medical treatment for her injury. The observations of the police officer on the scene support Plaintiff's claim that she was injured and the police report specifically notes that Plaintiff had redness and swelling to her left eye.

At trial, Debtor denied striking Plaintiff and testified that he did not know how Plaintiff received the injury. Again, the Court finds Plaintiff's recollection of the events to be more persuasive. Given the testimony of the parties and the documentary evidence supporting the fact that Plaintiff did, in fact, have an injury to her eye for which she received repeated medical treatment, the Court finds that Debtor struck Plaintiff in the face during the October 17, 2005

#

incident and that his actions were willful and malicious within the meaning of §523(a)(6). Defendant's absolute denial of striking Plaintiff belies much of his testimony throughout the trial. As a result, any portion of the Judgment which can be attributed to the October 17, 2005 incident is non-dischargeable.

In light of the Court's finding that Debtor's conduct, which resulted in the arbitration award, was willful and malicious within the meaning of §523(a)(6), the Court determines that the full amount of the Judgment is not subject to discharge pursuant to doctrine of collateral estoppel. "As commonly explained, the doctrine of collateral estoppel can apply to preclude re-litigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *U.S. v. Stauffer Chem. Co.,* 464 U.S. 165, 170–71, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984). This doctrine ensures that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Mont. v. U.S.,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Additionally, and particularly relevant to the facts of this case, "A state court's confirmation of an arbitration award is a final judgment with the preclusive effect accorded it by state law." *Marks v. Marks (In re Marks)*, 192 B.R. 379, 383 (E.D. Pa. 1996) (*citing Jalil v. Avdel Corp.*, 873 F.2d 701, 704 (3d Cir. 1989), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990)).

The Third Circuit has identified four required elements for the application of collateral estoppel: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from re-litigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 249 (3d Cir. 2006) (internal quotations

#

omitted), *cert. denied,* 549 U.S. 1305, 127 S.Ct. 1878, 167 L.Ed.2d 364 (2007). The Third Circuit has also considered whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action, ... and whether the issue was determined by a final and valid judgment." *Id.* (internal quotation marks and citations omitted).

In the case at hand, this Court reviewed the earlier proceedings and the submissions of the parties. There was no formal record of the arbitration proceedings; however, there was a written arbitration award which stated the claims for which damages were awarded and the amounts. This Court reviewed that award and held a hearing on the summary judgment motion. Additionally, this matter proceeded to trial where each party was afforded the opportunity to present further arguments and testimony. Having fully considered all of the facts in this contested matter, the respective testimony of the parties and the evidence presented at trial, the Court concludes that the amount of damages awarded in the Judgment should be accorded collateral estoppel effect.

The factual issues involved in deciding whether to grant the arbitration award and whether to confirm same via the Judgment were identical to the issues involved in this dischargeability determination. Admittedly, due to the arbitration panel's failure to clarify the rationale behind its findings, this Court had to conduct its own analysis regarding the nature of Debtor's conduct and had to draw its own conclusions. Nevertheless, as outlined above, this Court determines that the arbitration award was based on Debtor's willful and malicious acts. Additionally, although the arbitration award failed to explain the allocation of the award, this Court finds that the state court Judgment confirming the arbitration award was a judgment for a single course of willful and malicious conduct by Debtor. *See In re Marks*, 192 B.R. 379. Therefore, the issue of calculation of damages has been previously adjudicated.

#

Further, Debtor was afforded a full and fair opportunity to litigate these issues. The Debtor was represented during the civil litigation and presented a defense in the arbitration proceedings. With respect to the state court proceedings, this Court notes that the state court did not make clear what additional evidence or argument, if any, it considered at the time the Judgment was sought; however, it is clear that Debtor had an opportunity to litigate the confirmation of the award. He chose not to do so. Finally, Debtor has fully participated in the dischargeability proceedings presently before this Court. Based on the above, this Court determines that all of the required elements for the application of collateral estoppel have been satisfied. Therefore, the amount of damages has already been properly fixed by the state court. *See In re Granoff*, 2006 WL 1997408 (Bankr. E.D.Pa June 6, 2006), *aff'd.*, *In re Granoff*, 250 Fed.Appx. 494, 2007 WL 2980190 (3d Cir. 2007).

V.     **Conclusion**

The Ocean County Superior Court confirmed the arbitrators' finding that Debtor committed assault and battery against Plaintiff; i.e., that Debtor's conduct was willful and malicious. The Judgment is a final judgment collaterally estopping re-litigation as to the issue of damages. As this Court determines, based on the testimony of the parties and evidence presented at trial, that the Judgment debt arises from the infliction of a willful and malicious injury, the entire debt is non-dischargeable under 11 U.S.C. §523(a)(6). *See In re Marks*, 192 B.R. 379. Plaintiff's counsel is to submit a proposed Final Judgment.

*[signature]*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: August 13, 2013